UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN S. OLAUSEN,                    )
                                    )      3:13-cv-00388-MMD-VPC
             Plaintiff,             )
                                    )
       v.                           )      <u>REPORT AND RECOMMENDATION</u>
                                    )      <u>OF U.S. MAGISTRATE JUDGE</u>
SGT. MURGUIA, *et al.*,             )
                                    )
             Defendants.            )      April 14, 2014
_____)

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for temporary restraining order and preliminary injunction (#s 16 & 17)[1] and supplement to the motion (#18). Defendants opposed (#24), and plaintiff replied (#34). The court has thoroughly reviewed the record and recommends that plaintiff's motion be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff John S. Olausen ("plaintiff"), who filed this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Northern Nevada Correctional Center ("NNCC") (#4). Plaintiff brings his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant NNCC officers violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights in relation to the seizure and ultimate confiscation of his television. *Id.* The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted the

---

[1] Refers to the court's docket numbers. This motion was docketed as two motions; hereafter it will be referred to as #16.

following claim to proceed: count I: that defendants violated plaintiff's Fourteenth Amendment due process rights when they confiscated his television, which was in the possession of another inmate, and violated his First Amendment rights when they retaliated against plaintiff for grieving the issue by destroying the television (#3, pp. 3-5).

Plaintiff filed his motion for injunctive relief on January 10, 2014 (#16). He alleges that, pursuant to the provisions of the Prison Rape Elimination Act, he properly notified his wife—apparently by passing her a note—during a visit that a female inmate was being sexually harassed by prison personnel (#s 16, 18). He complains that on December 27, 2013, he was issued a baseless notice of disciplinary charges for unauthorized contact during visitation and ultimately found guilty in retaliation for filing this litigation (#16, p. 3; #18, p. 2). He seeks an order directing that his sanctions be lifted and that this disciplinary incident be expunged from his record (#16, p. 5; #18, p. 3).

## II. DISCUSSION & ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources*

*Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and

to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Finally, the Supreme Court has determined that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

In his motion, plaintiff alleges that he was falsely charged with and ultimately found guilty of disciplinary charges in retaliation for filing this lawsuit. Defendants correctly point out that plaintiff was issued a notice of charges by an NNCC officer who is not a party to this action and also argue that these disciplinary proceedings have no relationship to plaintiff's civil rights complaint concerning the alleged destruction of his television (#24, p. 4). The court concludes that these distinct, subsequent disciplinary sanctions are a "matter lying wholly outside the issues in this suit" and do not relate to the complaint before the court. *De Beers Consol. Mines*, 325 U.S. at 220. Accordingly, plaintiff's motion for temporary restraining order and preliminary injunctive relief (#16) should be denied. The court also observes that plaintiff must challenge the disciplinary proceedings through the NDOC grievance process prior to filing any suit in federal court.

## III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists to warrant the issuance of a mandatory injunction directing defendants to expunge recent disciplinary sanctions from plaintiff's record. Thus, plaintiff's motion for temporary restraining order and preliminary injunction (#s 16 & 17) should be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order and preliminary injunction (#s 16 & 17) be **DENIED**.

DATED: April 15, 2014.

_____
UNITED STATES MAGISTRATE JUDGE