### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

JOHN S. OLAUSEN,                )
                               )    3:13-cv-00388-MMD-VPC
                               )
            Plaintiff,          )
                               )    **MINUTES OF THE COURT**
      v.                        )
                               )
SGT. MURGUIA, *et al*.,          )
                               )
                               )    June 5, 2014
            Defendants.         )
                               )

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    _____LISA MANN_____    REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendants' motion to dismiss for failure to exhaust and/or in the alternative motion for summary judgment (#31).[1]  Plaintiff did not file an opposition, but instead filed a motion for a more definite statement and/or motion to strike and/or motion to stay for discovery (#44).  Defendants opposed (#46), and plaintiff replied (#47).

Federal Rule of Civil Procedure 12(e) provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Not only is a motion for more definite statement disfavored, *see U.S. E.E.O.C. v. Alia Corp*., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012); *C.B. v. Sonora School Dist*., 691 F.Supp.2d 1170, 1191 (E.D. Cal. 2010), it does not appear that a motion for more definite statement may be directed toward another motion. Fed. R. Civ. P. 12(e).  Moreover, a pleading that is the subject

---

[1] Refers to the court's docket numbers.

of the motion must be unintelligible and not just lacking in some detail.  *See Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *Gregory Village Partners, L.P.  v. Chevron, USA, Inc.*, 805 F.Supp.2d 888, 896 (N.D. Cal. 2011) ("A motion for more definite statement attacks intelligibility, not simply lack of detail.").  "Where the [pleading] is specific enough to [apprise] the responding party of the substance of the claim [or defense] being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied."  *See U.S. E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d at 1250 (citation omitted).

Here, plaintiff complains that defendants' motion is based on "apparent false and fraudulent evidence" (#44, p. 4).  Defendants are correct that (1) plaintiff's motion is procedurally improper; (2) plaintiff fails to point to any statements in defendants' motion where the arguments are so vague or ambiguous that it is impossible to respond; (3) plaintiff essentially seeks an admission of liability and concessions to his claims; and (4) plaintiff's arguments/complaints should be set forth in an opposition, as required by Fed. R. Civ. P. 7.

Accordingly, plaintiff's motion for a more definite statement (#44) is **DENIED**.  Plaintiff **SHALL FILE** his opposition, if any, to defendants' motion to dismiss and/or motion for summary judgment (#31) **within fourteen (14) days of the date of this order**.  Defendants shall file their reply, if any, within the timeframe set forth in the Local Rules.  LR 7-2(c).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  _____/s/_____
       Deputy Clerk