UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN S. OLAUSEN, | Case No. 3:13-cv-00388-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| SGT. MURGUIA, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 45) ("Recommendation") relating to Plaintiff's motions for temporary restraining order and preliminary injunction (dkt. nos. 16 & 17) (collectively referred to as "Plaintiff's Motions"). The Magistrate Judge recommended denying Plaintiff's Motions. Plaintiff has filed an objection and Defendants have filed a response (dkt. nos. 50 & 51).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). In light of Plaintiff's objection, this Court conducts a *de novo* review to determine whether to adopt Magistrate Judge Cooke's Recommendation.

The following two claims in Plaintiff's complaint survive screening pursuant to 28 U.S.C. § 1915A: defendants violated Plaintiff's Fourteenth Amendment due process rights when they confiscated his television from another inmate's cell and his First Amendment rights when they retaliated against Plaintiff for grieving the issue by destroying the television. (Dkt. no. 3 at 4-5.) Plaintiff's Motions are premised on disciplinary action issued for unauthorized contact arising from his family's visitation. (Dkt. nos. 16 & 17.) Plaintiff argues that the disciplinary action was taken in retaliation for his filing of this lawsuit. Plaintiff seeks an order to lift the disciplinary sanctions and expunge the disciplinary incident from his record. The Magistrate Judge found that the disciplinary action raised in Plaintiff's Motion is unrelated to the claims and issues remaining in this action and recommended denying Plaintiff's Motions. (Dkt. no. 45 at 4.)

The Court agrees with the Magistrate Judge's Recommendation. The issues Plaintiff raised in Plaintiff's Motions and objection are unrelated to the claims remaining. While Plaintiff's objection raises the claim that Defendant Murguia still has not replaced his television, such allegation is unrelated to the injunctive relief sought in Plaintiff's Motions. As to Plaintiff's claim that the disciplinary action was taken in retaliation, Plaintiff must challenge such action through NDOC's grievance process before pursuing legal action.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 45) be accepted and

adopted in its entirety. Plaintiff's motions for temporary restraining order and preliminary injunction (dkt. nos. 16 & 17) are denied.

DATED THIS 15th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3