UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN JOHN OLAUSEN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>SGT. MURGUIA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:13-cv-00388-MMD-VPC<br><br>ORDER |

## I.　SUMMARY

Before the Court is Defendants' objection to the Magistrate Judge's Order denying their motion to stay proceedings pending the Court's screening of Plaintiff's proposed amended complaint filed over a year after the action was initiated ("Objection"). (Dkt. no. 91.) The Court has also reviewed Plaintiff's response (dkt. no. 92). Defendants' Objection is premised on their contention that the Magistrate Judge made a legal error by finding that post-answer screening of an inmate's proposed complaint is discretionary under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. There is no question that the PLRA requires courts to engage in pre-answer screening of an inmate's complaint. Defendants contend, however, that this compulsory judicial screening requirement extends to every proposed amended complaint filed post-answer. The Court disagrees and overrules Defendants' Objection.

## II.　BACKGROUND

Plaintiff, a prisoner in the custody of the Nevada Department of Corrections, initiated this action on July 23, 2013. (Dkt. no. 1.) On October 7, 2013, the Court

screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Dkt. no. 3.) The Court permitted Plaintiff's due process and retaliation claims to proceed and dismissed his Fourth Amendment and Eighth Amendment claims with prejudice. (*Id.* at 5-6.) The Court imposed a ninety (90) day stay and encouraged the parties to engage in informal settlement discussions. (*Id.*; dkt. no. 6.) The stay was lifted on January 9, 2014. (Dkt. no. 21.) The case has since progressed through the normal phases of litigation until August 2014 — the parties have filed numerous motions and Plaintiff pursued an appeal of the Court's decisions, which was dismissed for lack of jurisdiction. (*See, e.g.*, dkt. nos. 16, 17, 19, 31, 40, 53.) On August 25, 2014, Plaintiff requested a ninety (90) day stay to permit the parties to engage in settlement discussion, citing discovery of new evidence. (Dkt. no. 69.) Defendants agreed that the case should be stayed but suggested that the parties could complete settlement negotiations within forty-five (45) days. (Dkt. no. 78.) On September 9, 2014, the Court issued an order scheduling a settlement conference for September 25, 2014. (Dkt. no. 79.) Settlement was not accomplished. (Dkt. no. 84.)

In the meantime, on September 3, 2014, Plaintiff filed a motion for leave to amend his complaint based on newly discovered evidence ("Motion to Amend"). (Dkt. no. 73.) On October 2, 2014, the Magistrate Judge issued an Order addressing pending motions and setting a briefing schedule on Plaintiff's Motion to Amend. (Dkt. no. 86.) Defendants waited until October 17, 2014, the deadline for Defendants to respond to Plaintiff's Motion to Amend as established by the Court's Order, to move to stay proceedings, taking the position that the Court is mandated to re-screen Plaintiff's proposed amended complaint. (Dkt. no. 88.) The Magistrate Judge promptly denied Defendants' motion (dk. no. 89), which led to Defendants' filing of their Objection.

### III.  LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may

reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). Section 636(b)(1)(A) "would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).  A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Where the magistrate judge's ruling involves question of law, however, the standard of review is de novo. *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) ("[L]egal conclusions are freely reviewable de novo to determine whether they are contrary to law."). Because the Magistrate Judge's decision involves the legal question whether a court must carry out post-answer screening under the PLRA, the Court reviews the Magistrate Judge's legal conclusion de novo.

**IV.  DISCUSSION**

Defendants rely on three statutes governing inmate litigation to argue that a federal district court is compelled to screen every amended complaint before a defendant is required to respond: 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c)(1). Defendants are correct that the determination of a statutory mandate begins with the statute's plain meaning, but they err in interpreting such plain meaning here. As the Supreme Court recently cautioned, in construing the PLRA, the lower court's "job is to construe the statute-not to make it better," such that courts "must not read in by way of creation, but instead abide by the duty of restraint, the humility of function as merely the translator of another's command." *Jones v. Bock*, 549 U.S. 199, 216 (2007) (citations and internal quotation marks omitted). Heeding this warning, the Court will address each of Defendants' cited statutes.

///

### A. 28 U.S.C. § 1915(e)(2)(B)

Defendants argue that 28 U.S.C. § 1915(e)(2)(B) supports their contention that the screening of a complaint filed by a plaintiff who seeks *in forma pauperis* status is mandatory. True enough. Courts are required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *Lopez v. Smith,* 203 F.3d 1122, 1126 (9th Cir. 2000) (noting that section 804(a)(5) of the PLRA is codified as part of the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2), which requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons).[1] However, Defendants read more into the statute by arguing that the screening requirement extends to every proposed amended complaint filed after service of process and a defendant's response. Section 1915(e)(2)(B) states, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the action is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Just because a court has authority to dismiss the case at any time does not mean it is compelled to re-screen every proposed amended complaint filed after the initial pre-answer screening. Defendants fail to cite to any case where a court has construed § 1915(e)(2)(B) to require court screening of every proposed amended complaint filed after service of process and defendant's response.

Moreover, Defendants' proposed construction of 28 U.S.C. § 1915(e)(2)(B) would yield a result that is contrary to the purpose of the statute. *See Lopez*, 203 F.3d at 1130

---

[1] Defendants rely extensively on *Lopez* to argue that all three cited statutes mandate post-answer screening. However, in *Lopez*, the Ninth Circuit was confronted with the question of whether federal courts have discretion to dismiss an *in forma pauperis* complaint with leave to amend. The court found that the *in forma pauperis* statute does not deprive courts the "traditional discretion to grant leave to amend." *Lopez*, 203 F.3d at 1127. The court started its analysis with the observation that the "PLRA contains several provisions that require district courts to screen lawsuits filed by prisoners and to dismiss those suits *sua sponte* under certain circumstances." *Id.* at 1126. But in reviewing these statutory mandates, the court did not find that district courts are mandated to re-screen a proposed amended complaint after a defendant has responded.

(reasoning that "the goal of judicial economy" could be undermined if the PLRA required plaintiffs to file new lawsuits without providing them an opportunity to cure their original complaints through amendment). If, as Defendants argue, the Court is required to re-screen Plaintiff's proposed amended complaint, and if the Court finds that it fails to state a claim, Plaintiff may still proceed with the two claims that survived the Court's pre-answer screening of his initial Complaint. Plaintiff's *in forma pauperis* status would not be affected by the Court's denial of his Motion to Amend. Thus, compulsory court re-screening of Plaintiff's proposed amended complaint would not serve to dispose of claims early.

### B.  28 U.S.C. § 1915A

Defendants contend that 28 U.S.C. § 1915A by its plain meaning requires screening of "a complaint" and because an amended complaint is "a complaint," § 1915A covers amended complaints.[2] This interpretation ignores the statute's plain meaning.

Section 1915A(a) states as follows with respect to screening:

> (a) Screening. — The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The statute could not be any clearer as to the timing of the mandatory screening. A court must screen "before docketing, if feasible or, in any event, as soon as practicable after docketing." *Id.* As the Supreme Court has clarified, "[a]ll this may take place before any responsive pleading is filed — unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to

---

[2] To arrive at this conclusion, Defendants assert that an "amended pleading pursuant to Fed. R. Civ. P. 15, by definition, can concern an amended complaint." (Dkt. no. 91 at 6 (emphasis omitted).) The logic of this argument eludes the Court — of course a proposed amended complaint becomes the operative complaint after the court grants a motion to amend under Rule 15. The Court is not persuaded by Defendants' attempt to read amended pleadings into the compulsory screening requirement laid out in § 1915A.

5

do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones,* 549 U.S. at 213. But the screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. Defendants focus on the phrase "a complaint" but ignore the timing of compulsory screening.

The Court's construction of § 1915A is further bolstered by the Supreme Court's characterization of the PLRA's screening provision. In *Jones,* the Supreme Court reviewed the exhaustion provision of the PLRA, 42 U.S.C. § 1997e(a), to determine whether the PLRA requires the inmate litigant to plead and demonstrate exhaustion in the complaint, or whether the defendant must raise failure to exhaust as an affirmative defense. In discussing the PLRA's statutory framework, the Court explained that "[a]mong other reforms, the PLRA mandates early judicial screening of prisoner complaints." *Jones*, 549 U.S. at 202; *see O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (noting that Congress's intent in adopting the screening provision of the PLRA was "to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage.") Thus, federal courts are required to engage in "early" screening, *Jones*, 549 U.S. at 202, either "before docketing . . . or as soon as practicable after docketing." 28 U.S.C. § 1915A(a); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage").

Defendants suggest that in the absence of mandatory screening by the Court, "an inmate could raise a PLRA claim, undergo screening once, then amend his complaint as a matter of course to include a myriad of other unrelated legal claims and other named defendants, and avoid further screening entirely (lest the Court *elect* screening)." (Dkt. no. 91 at 7.) However, a plaintiff would be permitted to amend "as a matter of course" only if the opposing party chooses not to oppose amendment.[3]

---

[3] To the extent Defendants are referring to Fed. R. Civ. P. 15(a)(1), the time for Plaintiff to amend "as a matter of course" has expired here.

6

Defendants recognize they have a right to oppose Plaintiff's Motion to Amend. (*Id.* at 3.) Indeed, in denying Defendants' motion to stay, the Magistrate Judge extended the deadline for Defendants' opposition to Plaintiff's Motion to Amend. (Dkt. no. 89.) Once opposed, Plaintiff's Motion to Amend and his proposed amended complaint would be reviewed under Fed. R. Civ. P. 15.

As the Supreme Court in *Jones* observed, "[w]e think that the PLRA's screening requirement does not — explicitly or implicitly — justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones*, 549 U.S. at 214. In *Jones*, the Court found that while the PLRA mandates exhaustion, it does not require a plaintiff to plead exhaustion; rather, the pleading standards under Fed. R. Civ. P. 8 govern. *Id.* at 211-17. In reaching this conclusion, the Court cautioned that "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Id.* at 212. Applying the Supreme Court's logic here, the Court cannot construe § 1915A to abrogate Rule 15's application to Plaintiff's proposed amended complaint. The Court screened Plaintiff's initial Complaint and permitted two claims to proceed. The case has progressed through the normal course of litigation since the ninety (90) day stay was lifted in January 2014. The Court is not compelled under 28 U.S.C. § 1915A(a) to re-screen Plaintiff's proposed amended complaint. Instead, Rule 15 governs Plaintiff's proposed amended pleading, and Defendants have the opportunity to oppose amendment.

As Defendants acknowledge, Congress passed the PLRA to address "the flood of meritless inmate complaints filed in federal court" (dkt. no. 91 at 7), but the Supreme Court has also recognized that "the PLRA mandated early judicial screening to reduce the burden of prisoner litigation on the courts." *Jones*, 549 U.S. at 223. Construing the PLRA as Defendants advocate — that is, to require court screening of every amended complaint, regardless of how far a case has progressed — would increase, not reduce, the burden on federal courts. Here, for example, if the Court accepts Defendants' position that the Court must screen Plaintiff's proposed amended complaint, this case

7

would proceed regardless of the Court's decision. If the Court denies leave to amend, Plaintiff may still pursue the two claims that survived the pre-answer court screening. If the Court grants leave to amend, this case would then proceed on Plaintiff's amended complaint. Thus, while early mandatory screening may reduce the volume of inmate litigation, mandatory post-answer re-screening does not. Rather than carrying out Congress's intent in enacting the PLRA, Defendants' proposed construction of the statute would have the opposite effect of increasing the burden on federal courts.

Defendants cite to three district court cases from other districts, two of which are unpublished,[4] to show that these courts "confirm that, pursuant to 28 U.S.C. § 1915A, an amended complaint *must* undergo judicial screening." (Dkt. no. 91 at 7.) The Court respectfully disagrees with the court in Defendants' cited decision of *Zimmerman v. Hoard*, 5 F. Supp. 2d 633, 635 (N.D. Ind. 1998), where the court stated that it was required to screen prisoners' proposed amended complaints. To clarify, courts in this district screen complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening." *Jones*, 549 U.S. at 223. To be sure, this Court has screened subsequent proposed amended complaints after defendants have made an appearance, but the decision to engage in post-answer court screening is made on a case-by-case basis. Thus, the fact that some of Defendants' cited decisions refer to screening of an amended complaint does not necessarily show that the screening court viewed its duty to screen as mandatory and not discretionary. Nor do those decisions require this Court to screen Plaintiff's proposed amended complaint.

///

---

[4]The Court will not consider the two unpublished decisions. However, the Court notes the quoted language in *Khan v. Frank*, No. 07-C-308-C at 3 (W.D. Wis. Sept. 26, 2007), refers to a proposed amended complaint filed by an inmate who was seeking to join a pending lawsuit.

8

### C.     42 U.S.C. § 1997e(1)

Defendants also rely on 42 U.S.C. § 1997e(1) to support their argument that post-answer screening is mandatory in this case. Section 1997e(1) governs dismissal of complaints relating to prison conditions under 42 U.S.C. § 1983:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(1). Defendants contend that by stating that a "court shall on its own motion . . . dismiss any action," this section requires a court to "screen and dismiss all legal claims contained in a complaint, amended or otherwise, that are frivolous or fail to state an appropriate claim." (Dkt. no. 91 at 8-9.) However, § 1997e(1) does not address — let alone compel — post-answer screening. It gives a court the authority to dismiss an action *sua sponte*; it does not mandate that a court re-screen in response to a motion to amend filed post-answer and mid-litigation.

## V.     CONCLUSION

Defendants' position that federal courts are mandated by the statutes governing inmate litigation to screen every proposed amended complaint post-answer has no support in the cited statutes and is contrary to the policy underlying the PLRA. Defendant's Objection (dkt. no. 91) is denied. The deadline for Defendants to respond to Plaintiff's Motion to Amend is extended for another fourteen (14) days from the date of this Order.

It is further ordered that Plaintiff's Motion to Strike (dkt. no. 94) is denied as moot.

DATED THIS 12th day of November 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9