UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN S. OLAUSEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EUGENE MURGUIA, *et al.,*<br>　　　　　　Defendants. | 3:13-cv-00388-MMD-VPC<br><br>**<u>ORDER</u>** |

Before the court is plaintiff's motion to file an amended complaint (#104). Defendants opposed (#106), and plaintiff replied (#107). For the reasons stated below, the court grants the motion to amend the complaint and also dismisses count III with leave to amend.

### I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

John Steven Olausen ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. In his complaint (#4), and as permitted by the District Court's screening order (#3), plaintiff brings civil rights claims pursuant to 42 U.S.C. § 1983 against two NNCC officials (collectively, "defendants"): Sergeant Eugene Murguia ("Murguia") and Sergeant Brian Wagner ("Wagner"). First, he alleged that defendants violated his Fourteenth Amendment rights by depriving him of his television without due process of law. (#3 at 3.) Second, he alleged that defendants destroyed the television in retaliation for his filing a grievance regarding its confiscation. (#3 at 3-4.)

On February 12, 2014, defendants filed a motion to dismiss or, in the alternative, for summary judgment (#31). This court recommended that the District Court grant the motion on July 29, 2014 (#65). However, on September 25, defendants withdrew their motion (#84). Plaintiff brought to the court's attention that an affidavit filed with defendants' motion was factually false. (*See* #76.) Because the court's analysis relied on the affidavit's false statements, the court withdrew its recommended disposition. (*See* #85.)

1    Thereafter, plaintiff sought leave to file a first amended complaint ("FAC") (#73) on September 3, 2014. Defense counsel declined to oppose the motion but requested that the court stay proceedings until it had rescreened the complaint (#88). The court rejected the motion because rescreening is discretionary (#89). Defendants then opposed plaintiff's motion to file the FAC on the basis that it was procedurally deficient (#90). They also filed an objection with the District Court to this court's order regarding rescreening (#91).

Prior to the District Court's ruling on the objection, and as his motion for leave to file the FAC was pending, plaintiff filed a "corrected first amended complaint" ("CFAC") without filing a motion for leave to amend (#93). Subsequently, on November 12, 2014, the District Court overruled defendant's objections (#96). The District Court held that rescreening was discretionary and could be conducted by this court on a case-by-case basis. Therefore, on January 7, 2015, this court ordered that defendants would have until January 16, 2015 to file an opposition to plaintiff's motion to file the CFAC (#100). In response, defendants moved for a discretionary rescreening (#102). They argued that the CFAC added "new allegations, legal claims, and proposed defendants," and rescreening was proper on that basis. (#102 at 8.) Defendants also stated that it was unclear which complaint required opposition—the FAC (#73) or the CFAC (#93).

To resolve these on-going matters, the court set a hearing (#105). There, it denied without prejudice plaintiff's motion to file the FAC (#73) due to its procedural deficiencies and also defendants' motion for discretionary rescreening (#102) based upon the length of time that had elapsed since the initial screening. The court also struck the fugitive CFAC (#93) because it was unaccompanied by a motion for leave to amend. Recognizing that the parties were understandably confused by the proceedings, however, the court ordered that plaintiff file a new motion for leave to amend, with a copy of the amended complaint as required by the Local Rules of Practice, and informed defendants of the relevant deadlines for opposing plaintiff's motion for leave. The court also suggested that, to the extent defendants remained uncertain about when the

court may exercise its discretion to rescreen, defendants should seek clarification from the District Court (#105).[1]

Accordingly, after many rounds of motion practice relating to his amended complaint, plaintiff moved for leave to file an amended complaint (#104). Defendants opposed (#106), and plaintiff replied (#107). This order follows.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." However, the ability to amend is not without limits. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

---

[1] Apparently, defendants did not do so.

### III. DISCUSSION

For the following reasons, plaintiff's motion to file an amended complaint is granted. However, as described below, plaintiff shall be allowed to proceed only on certain claims within the amended complaint.

**A.     Count I: Due Process and Retaliation Claims**

In count I of the amended complaint (#104-1 at 7-13), plaintiff alleges intentional deprivation of property by defendants Wagner and Murguia, in violation of the Fourteenth Amendment, and also their retaliation against him for his use of the grievance system, in violation of the First Amendment.  These claims are substantially similar to the original First and Fourteenth Amendment claims, which the District Court allowed to proceed in its screening order (#3 at 3-4.)  Plaintiff's amended complaint simply updates the complaint with new factual allegations about and surrounding the operability of his confiscated television, of which he learned only after the commencement of this action.

The court grants plaintiff's motion because the *Desertrain* factors weigh in his favor. First, he has not updated count I's facts in bad faith.  Second, any delay in amendment owes not to plaintiff, but instead, to the actions of defendants and/or other prison officials.  Third, defendants will not be prejudiced, as the factual allegations are similar and the claims are identical to those in the original complaint.  Fourth, amendment is not futile, for the amended complaint states colorable First and Fourteenth Amendment claims, as identified in the original screening order.  Finally, plaintiff has not previously been granted leave to amend. Accordingly, plaintiff may proceed on count I under the First and Fourteenth Amendments.

**B.     Count II: Retaliation and Due Process Claims**

In a new count II, plaintiff alleges retaliation under 42 U.S.C. § 1997d and the First Amendment, and also denial of visitation without due process of law under the Fourteenth Amendment.  Plaintiff avers that he complained about the alleged maltreatment of a female inmate with "mental and/or learning disabilities" at NNCC; she was purportedly held in a male area of the prison and faced sexual harassment and threats of sexual abuse by male inmates and male prison staff.  (#104-1 at 15-16).  Plaintiff alleges that these on-going incidents would have

1   required the prison to report violations under the Prison Rape Elimination Act, 42 U.S.C. § 15601
2   *et seq*. (*Id*.) He reported them to prison officials who allegedly took no action to rectify the
3   situation; therefore, he provided the information to his wife by written notes during a December
4   21, 2013 visitation. (*Id*. at 16-19.)

5   Thereafter, plaintiff contends that prison officials began disciplinary proceedings for his
6   transmission of the notes, and imposed as a punishment his loss of his job as an inmate law clerk
7   and visitation privileges (*Id*. at 20-21.) Plaintiff continued to seek redress of the issue with prison
8   officials until spring 2014. (*See id*. at 22-23.) He names Murguia, NNCC Warden Isidro Baca,
9   and NNCC correctional officer Peter Garibaldi as defendants in count II.[2] Defendants oppose
10  plaintiff's motion to amend on the basis that count II "would alter the scope of the case . . . and
11  only bears a tangential relation to [his] original claims . . . . Therefore, Count II is unduly
12  prejudicial." (#106 at 8.)

13  Plaintiff will be permitted to proceed on the constitutional claims but not the statutory
14  claim. 42 U.S.C. § 1997d does not provide a private right of action. *McRorie v. Shimoda*, 795
15  F.2d 780, 782 n.3 (9th Cir. 1986); *Price v. Brittain*, 874 F.2d 252, 262-64 (5th Cir. 1989);
16  *O'Haire v. Napa State Hosp.*, No. C 07-0002-RMW-PR, 2009 WL 2447752 at *5 (N.D. Cal.
17  Aug. 7, 2009) (citing *McRorie*, 795 F.2d at 782 n.3). Accordingly, the statutory claim is futile.
18  *Nunes*, 375 F.3d at 809.

19  In contrast, the *Desertrain* factors balance in plaintiff's favor as to the constitutional
20  claims. First, there is no suggestion—and defendants make no argument—that plaintiff seeks to
21  amend in bad faith. Second, regarding delay, the court concludes the factor is neutral. The record
22  does not readily indicate that plaintiff has unduly delayed in attempting to add the claims. The
23  alleged infringements of his rights did not occur until the end of 2013, and as such, the earliest he
24  might have amended his complaint was early 2014—a period of time in which plaintiff and

---

[2] Plaintiff also states that "other prison officials" participated in these violations (*see* #104-1 at 21), but he does not specifically state that these individuals are the John and Jane Does identified in the opening of his amended complaint (*see id*. at 3-4). As such, the court recommends that the claim proceed only against the above-named defendants. Plaintiff should seek leave to amend to add new defendants he identifies in discovery if, in fact, there are additional defendants to these claims.

1 defendants were focused upon defendants' pending motion to dismiss (#31). Plaintiff attempted to amend his complaint in September 2014 (#73) and notably did not attempt to include these claims at that time. Nevertheless, and as described, defendants delayed his filing of an amended complaint in this case by motion practice around the rescreening issue. In sum, the delay factor does not conclusively balance against either party.

Third, the court is unpersuaded that defendants will be unduly prejudiced by amendment. Here, defendants rest their entire argument on the claims' alteration of this action's scope. Although their characterization is accurate, such alteration alone is an insufficient basis for denying plaintiff leave to amend. *Morongo Band of Mission Indians*, 893 F.2d at 1079. In light of this Ninth Circuit precedent, defendants' reliance on district-court authority from other circuits (*see* #106 at 7-8) is unavailing. Moreover, because defendants have not yet filed an answer, and no discovery has occurred in this case, any prejudice to defendants is minimal. They may need to raise new defenses and discover evidence related thereto, but the management of this case can easily reflect the presence of these new claims upon the court's entry of an initial scheduling order. The defendants added in this claim also will be no more prejudiced by being parties to this lawsuit than they would be were plaintiff to file a new action. Because defendants bear the burden of demonstrating prejudice, *Eminence Capital, LLC*, 316 F.3d at 1052, but have offered only one unpersuasive argument regarding the same, the court concludes that this factor weighs in plaintiff's favor.

As to futility, the court finds that count II's constitutional claims are colorable. Plaintiff has alleged that defendants imposed punishment in response to his allegedly lawful First Amendment activity, and his allegations, if true, are sufficient under the factors identified in *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). As to his related, but separate, Fourteenth Amendment due process claim, plaintiff has no constitutional right to visitation with his wife. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989); *Dunn v. Castro*, 621 F.3d 1196, 1202-03 (9th Cir. 2010). Yet he may have a state-created liberty interest in such visitation, *see Thompson*, 490 U.S. at 461, subject to restrictions that serve legitimate penological interests, *see Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). At this stage, his claims are not

futile; therefore, *Desertrain* counsels in favor of granting him leave to amend. Because he has not previously been granted leave to amend, and none of the other factors balance against him, plaintiff shall proceed on the First and Fourteenth Amendment claims in count II.

**C.     Count III: Conspiracy Claim**

In a new count III, plaintiff alleges that Wagner, Deputy Attorney General Chaz Lehman ("Lehman"), and an unidentified person who acted at Lehman's instruction, conspired against plaintiff "to [conceal] and further the constitutional violations set forth . . . in count I . . . ." (#104-1 at 30-31.) In short, he contends that defendants prepared and submitted the factually false affidavit regarding the inoperability of his television with knowledge of its falsity, for the purpose of effecting the alleged constitutional infirmities previously described. Defendants oppose amendment on the basis that plaintiff's contentions state not a legal claim, but instead already resolved by Rule 11 of the Federal Rules of Civil Procedure. (#106 at 8.)

This claim is dismissed because, as stated, it is futile. *Nunes*, 375 F.3d at 809. Although the amended complaint does not specify a legal basis for the conspiracy claim, it fails under either possibility. First, only the first clause of subsection (3) is applicable as a basis for conspiracy under 42 U.S.C. § 1985. *See Kush v. Rutledge*, 460 U.S. 719, 724-25 (1983) (describing the "five broad classes of conspiratorial activity" contained within the statute). That provision provides a federal cause of action against persons who have conspired to deprive a person of federally-protected rights.

Claims of conspiratorial activity under 42 U.S.C. § 1985 must meet several requirements. The plaintiff must tender specific factual allegations that support the alleged conspiracy, *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), including factual allegations regarding defendants' conspiratorial "agreement or meeting of the minds," *Woodrum v. Woodward Cnty.*, 866 F.3d 1121, 1126 (9th Cir. 1989). In addition, the plaintiff must specifically allege that defendants' racial or class-based

7

animus caused the conspiracy. *Usher v. City of Los Angeles*, 828 F.3d 556, 561 (9th Cir. 1987); *Kush*, 460 U.S. at 725-26. For this reason, the statute is not an "open-ended federal tort law applicable 'to all tortious, conspiratorial interferences with the rights of others.'" *Kush*, 460 U.S. at 725 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)). Because the alleged conspiracy in this case lacks allegations that speak to these elements, the claim is futile and amendment to add this claim is not merited.

Second, the allegations fail to state a state-law conspiracy claim. "In Nevada, an actionable civil conspiracy 'consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.'" *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at *4 (D. Nev. June 18, 2010) (quoting *Hilton Hotels v. Butch Lewis Productions,* 109 Nev. 1043, 1048 (1993)). Damage is a necessary element. *See Shafer v. City of Boulder*, 896 F. Supp. 2d 915, 939-40 (D. Nev. 2012).

Plaintiff's claim fails in absence of damages. Plaintiff alleges not that Wagner, Lehman, and the unnamed official conspired to carry out the underlying violations set forth in count I, but instead to prepare the false affidavit by which these alleged actions might be concealed. Accordingly, the affidavit, rather than the deprivation of his television, must be the source of his harm. As defendants argue, Lehman withdrew the affidavit and the motion to dismiss based thereupon when the television's operational status came to light. (#106 at 8.) Hence, the effect of the affidavit was only to delay this case, and although plaintiff "disagrees" with defendants' contention that no injury occurred (#107 at 9), he fails to identify any particular injury he suffered as a result of the affidavit. As such, the prior proceedings regarding the affidavit itself provide no basis for a state-law civil conspiracy claim.

## IV. CONCLUSION

The court has considered the motion and the parties' papers. For good cause appearing, the court grants plaintiff's motion for leave to amend. Plaintiff's amended complaint will be filed, and he shall proceed on count I against Murguia and Wagner, and count II against Muguia,

Baca, and Garibaldi.  However, count II's claim under 42 U.S.C. § 1997d shall not proceed, and count III is dismissed with leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## V.    RECOMMENDATION

 **IT IS THEREFORE ORDERED** that plaintiff's motion to amend (#104) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the amended complaint (#104-1);

**IT IS FUTHER ORDERED** that count I shall **PROCEED** under the First and Fourteenth Amendments;

**IT IS FURTHER ORDERED** that count II shall **PROCEED** under the First and Fourteenth Amendments;

**IT IS FURTHER ORDERED** that count II's claim under 42 U.S.C. § 1997d is **DISMISSED**;

**IT IS FURTHER ORDERED** that count III is **DISMISSED WITH LEAVE TO AMEND**.  Plaintiff has **thirty (30) days** from the date of this order within which to file an amended complaint remedying, if possible, the defects identified above.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

 **DATED**: May 26, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**