UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHN S. OLAUSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EUGENE MURGUIA, *et al.*,<br><br>　　　　　Defendants. | 3:13-cv-00388-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>July 27, 2015 |

PRESENT:　　THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:　　　LISA MANN　　　REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court are plaintiff's motions to strike defendants' partial motion to dismiss (#119) and defer consideration of defendants' partial motion to dismiss until the parties have engaged in discovery (#120). Defendants oppose the latter motion (#123).

　　First, plaintiff's motion to strike (#119) is **DENIED**. Plaintiff moves to strike on the basis that defendants Baca, Girabaldi, Lehman, Murgia, Screkengost, and Wagner cannot move to dismiss count III of plaintiff's amended complaint prior to being served and thereby becoming parties to this action. However, these defendants entered a supplemental notice of acceptance of service on July 22, 2015 (#122), thereby rendering the issue moot.

　　Second, plaintiff's motion to defer (#120) is also **DENIED**. Plaintiff contends that the court will construe the motion to dismiss as one for summary judgment, thereby putting him at a grave disadvantage in opposing the motion because discovery has not yet occurred. Plaintiff is mistaken about the purpose of defendants' motion. A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of a claim. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). At this early stage, plaintiff's allegations are accepted as true, *see Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009), and the court verifies, assuming the truth of those allegations,

that the allegations would render defendants liable under the required elements of the identified claim.  In other words, and in this case, discovery is not necessary for the court to consider defendants' Rule 12 motion because plaintiff's version of factual events is assumed.  The court's task is to ensure that those allegations state a viable claim of conspiracy under the facts that plaintiff alleges.

Moreover, if the court's review of defendants' motion reveals the existence of factual issues that require resolution for the court to make a recommended disposition on the motion, the court may order limited discovery on those issues.  *See Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 506 n.7 (D. Nev. 2013) (acknowledging that discovery is sometimes appropriate at the motion to dismiss stage).  At bottom, lack of discovery is not an appropriate reason to defer the court's consideration of the motion.

**IT IS SO ORDERED.**

                                        LANCE S. WILSON, CLERK

                                        By:     /s/
                                                Deputy Clerk