# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN S. OLAUSEN,

           Plaintiff,

v.

EUGENE MURGUIA, *et al.,*

           Defendants.

3:13-cv-00388-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' partial motion to dismiss (#116). Plaintiff opposed (#126), and defendants replied (#127). For the reasons stated below, the court recommends that the motion be granted.

      **I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      John Steven Olausen ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. As permitted by the District Court's screening order (#3) and as also permitted by a later amendment to the complaint, this litigation presents several civil rights claims under 42 U.S.C. § 1983.

      On May 26, 2015, this court granted plaintiff's motion to amend (#108), in which he sought to add claims under the First, Eighth, and Fourteenth amendments, 42 U.S.C. § 1997d, and conspiracy claims under 42 U.S.C. § 1985 and Nevada law. In its order granting plaintiff's motion in part, the court did not permit plaintiff's count II Eighth Amendment claims or the count III conspiracy claims to proceed. With respect to the conspiracy claims, the court held that amendment was inappropriate because the claims were insufficiently pled. However, because additional factual allegations might render the claims plausible under the pleading standard of

Federal Rule of Civil Procedure 8, the court provided plaintiff leave to amend. He filed a second amended complaint on June 11, 2015 (#113).

The conspiracy claims are rooted in the procedural history of this case. In his original complaint (#4), plaintiff brought various civil rights claims. On February 12, 2014, defendants filed a motion to dismiss or, in the alternative, for summary judgment (#31). This court recommended that the District Court grant the motion on July 29, 2014 (#65). However, on September 25, 2014, defendants withdrew their motion (#84) after plaintiff brought to the court's attention that an affidavit filed with defendants' motion was factually false. (*See* #76.) Because the court's analysis relied on the affidavit's false statements, the court withdrew its recommended disposition. (*See* #85.) In short, plaintiff's conspiracy theory is that defendants unlawfully conspired to submit the false affidavit to avoid liability for the alleged deprivations of his due process rights, a claim with genesis in the confiscation and withholding of his television set.

## II.    LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679. Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III.   DISCUSSION

At issue in the instant motion is only count III of the second amended complaint. There, plaintiff attempts to replead the civil conspiracy claims that the court earlier dismissed. (*See* #108 at 7-8.) To cure the factual deficiencies that the court identified, plaintiff newly alleges that: defendant Charles Lehman personally directed a meeting of minds among the defendants to submit the false affidavit; the alleged conspiratorial agreement culminated in a "class-based conspiratory animus" that "resulted in actual injuries to the plaintiff"; and that the agreement "functioned to delay these proceedings" and attempted to conceal the deprivation of his constitutional rights. (#113 at 29, 30.) He also contends that the consistency with which various NDOC officials refused to return his television to him, as disciplinary charges were pending, evinces defendants' meeting of minds. (*Id.* at 32-33.) Otherwise, count III is substantively identical to the dismissed claim. Defendants move to dismiss on the ground that these minor additions to the complaint fail to render the claim plausible. (#116 at 3-4.) Plaintiff disagrees. (#126 at 3, 6.)

The court recommends that defendants' motion be granted. First, claims of conspiratorial activity under 42 U.S.C. § 1985 must meet several requirements. The plaintiff must state specific factual allegations regarding the conspiracy, *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), and he must also articulate factual allegations regarding defendants' conspiratorial "agreement or meeting of the minds," *Woodrum v. Woodward Cnty.*, 866 F.3d 1121, 1126 (9th Cir. 1989). Because the statute is not an "open-ended federal tort law applicable 'to all tortious, conspiratorial interferences with the rights of others[,]'" *Kush*, 460 U.S. at 725 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)), the plaintiff must sufficiently allege that defendants' racial or class-based animus caused the conspiracy, *Usher v. City of Los Angeles*, 828 F.3d 556, 561 (9th Cir. 1987); *Kush*, 460 U.S. at 725-26.

In light of these requirements, the second amended complaint remains deficient. Plaintiff has failed to allege sufficient facts regarding the purported meeting of minds. Although he contends that defendants engaged in a grand conspiracy against him, he identifies only the

consistency with which various officials refused his repeated requests for return of the television as evidence of a conspiratorial agreement. This fact is wholly unrelated to the preparation and submission of a false affidavit, which is the heart of plaintiff's legal theory. In absence of additional factual allegations that tie the two together, the claim is not "plausible on its face." *Twombly*, 550 U.S. at 570. Moreover, plaintiff has failed to identify a relevant class. As defendants correctly argue, his second amended complaint merely incorporates legal buzz words. Plaintiff fails to identify, for example, any purported facts regarding his race or other federally protected class, and incidents related to such characteristic that even hint at animus-laden conspiracy. Instead, he alleges in an undetailed manner that he falls into one of these classes.

Second, "[i]n Nevada, an actionable civil conspiracy 'consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.'" *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at *4 (D. Nev. June 18, 2010) (quoting *Hilton Hotels v. Butch Lewis Productions,* 109 Nev. 1043, 1048 (1993)). Damage is a necessary element. *See Shafer v. City of Boulder*, 896 F. Supp. 2d 915, 939-40 (D. Nev. 2012).

As with the § 1985 claim, count III's allegations do not state a claim under Nevada law. Plaintiff's conclusory allegation that he suffered injuries is insufficient. Delay in this case—although frustrating to both plaintiff and this court—is not "damage" for the purpose of a conspiracy claim. Further, plaintiff's reliance on the earlier deprivations of his underlying constitutional rights do not suffice as injuries for the purpose of the count III conspiracy claim that occurred entirely after the earlier deprivations. Again, plaintiff's theory is that defendants conspired to submit a false affidavit to conceal the earlier deprivation of his rights. Thus, because count III is not a civil conspiracy claim for all of defendants' conduct, but only the actions of the defendants to hide it, the relevant injury must result from their efforts to avoid detection. Despite his attempt to cure the deficiency, he once again fails to identify what harm he suffered from their ostensible conspiratory efforts.

## IV. CONCLUSION

For good cause appearing, the court recommends that defendants' partial motion to dismiss (#116) be granted and that count III be dismissed with prejudice in its entirety.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss (#116) is **GRANTED**.

**DATED**: August 24, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**