UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN JOHN OLAUSEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. MURGUIA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:13-cv-00388-MMD-VPC<br><br>ORDER |

　　　Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 128) ("R&R") relating to Defendants' partial motion to dismiss (dkt. no. 116). (Dkt. no 128.) Plaintiff filed an objection in part to the recommendation that dismissal is with prejudice (dkt. no. 129), and defendants filed a motion for extension to file a response and a response (dkt. nos. 130, 131).

　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the

standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed). In light of Plaintiffs' objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R.

Defendants moved for dismissal of Count III of Plaintiffs' Second Amended Complaint, which Plaintiff filed with leave of court after dismissal of count III as alleged in the First Amended Complaint. (Dkt. nos. 116, 112.) Count III alleges a claim for civil conspiracy based on alleged submission of a false affidavit in support of Defendants' motion to dismiss. (Dkt. no. 113 at 26-35.) The Magistrate Judge recommended dismissal of count III for failure to state a claim based on Plaintiff's conclusory allegations. (Dkt. no. 128.) In particular, the Magistrate Judge found that Plaintiff failed to allege sufficient facts to show a meeting of the minds or to identify discriminatory animus towards a protected class. (*Id.*) Accordingly, the Magistrate Judge recommended dismissal of count III with prejudice. (*Id.*)

Plaintiff does not object to dismissal of count III, but he does object to dismissal with prejudice. (Dkt. no. 129.) Plaintiff argues that it would be unfair to dismiss count III with prejudice so as to deprive him the opportunity to pursue this claim if he is able to develop facts to cure the deficiencies identified in the Magistrate Judge's order. Defendants counter that Plaintiff should not be given such an opportunity because Plaintiff has failed to state a claim, even accepting his allegations as true. (Dkt. no. 131.) The Court finds that dismissal of count III with prejudice would be unfair to Plaintiff given

///

that the Court dismisses his claim not because he cannot state a claim under any set of facts but because his allegations are conclusory.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 128) be accepted and adopted in part. Defendants' partial motion to dismiss (dkt. no. 116) is granted. Count III of the Second Amended Complaint is dismissed without prejudice.

Defendants' motion for extension of time (dkt. no. 130) is granted *nunc pro tunc*.

DATED THIS 22nd day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE