1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                 * * *

9    STEVEN JOHN OLAUSEN,              Case No. 3:13-cv-00388-MMD-VPC

10                         Plaintiff,           ORDER

11        v.

12   SGT. MURGUIA, *et al.*,

13                         Defendants.

14

15        The Court overrules Plaintiff's two objections (ECF Nos. 159, 163) to the

16   Magistrate Judge's Orders relating to Plaintiff's filings of briefs that violates LR 7-3's limit

17   on the length of brief. In the first Order issued on June 21, 2016 (ECF No. 156) (June 21

18   Order), the Magistrate Judge directed Plaintiff's motion for partial summary judgment to

19   be stricken for violation of LR 7-3(a). Plaintiff does not object to this part of the June 21

20   Order but indicated that he had submitted a motion to exceed the page limit that was

21   not filed.[1] Plaintiff objects to the June 21 Order to the extent it gives Defendants the

22        _____

          [1]Such a motion requires a showing of good cause and must be filed in advance

23   of the excess page motion.  LR 7-3(c) provides as follows:

24        The court looks with disfavor on motions to exceed page limits, so
          permission to do so will not be routinely granted. A motion to file a brief

25        that exceeds these page limits will be granted only upon a showing of
          good cause. A motion to exceed these page limits must be filed before the

26        motion or brief is due and must be accompanied by a declaration stating in
          detail the reasons for, and number of, additional pages requested. The

27        motion must not be styled as an ex parte or emergency motion and is
          limited to three pages in length. Failure to comply with this subsection will

28        result in denial of the request. The filing of a motion to exceed the page
     *(fn. cont...)*

1    option of withdrawing their opposition and cross-motion or filing a notice stating they

2    wish their opposition and cross-motion to stand because Plaintiff had filed a motion to

3    strike these documents. (ECF No. 159 at 3.) The June 21 Order did not address

4    Plaintiff's motion to strike, but only addressed Plaintiff's violation of LR 7-3. Plaintiff's

5    objection (ECF No. 159) is overruled.

6            The July 11, 2016, Order directed Plaintiff's separately filed motions for partial

7    summary judgment to be stricken as an attempt to circumvent LR 7-3(a)'s limit on the

8    length of brief because Plaintiff split his motion into two separate motions. (ECF No.

9    160.) Plaintiff objects, arguing that there exists no statute or rule that prohibits the filing

10   of multiple motions for summary judgment. The Magistrate Judge's decision is not

11   clearly erroneous. In fact, the Court agrees with the Magistrate Judge's finding that

12   Plaintiff's splitting of his excess motion into two motions is a clear attempt to circumvent

13   LR 7-3(a). Plaintiff's objection (ECF No. 163) is overruled.

14           DATED THIS 19th day of July 2016.

16   _____
     MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

---

25   (…fn. cont.)

26   limit does not stay the deadline for the underlying motion or brief. In the
     absence of a court order by the deadline for the underlying motion or brief,

27   the motion to exceed page limits is deemed denied. If the court permits a
     longer document, the oversized document must include a table of contents

28   and a table of authorities.