# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN S. OLAUSEN, | ) | 3:13-cv-00388-MMD-VPC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | November 2, 2016 |
| | ) | |
| SGT. MURGUIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN       REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion for a more definite statement or to strike (ECF No. 173) as to defendants' cross-motion for summary judgment (ECF Nos. 149, 150),[1] and defendants' response (ECF No. 175).

Federal Rule of Civil Procedure 12(e) provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Not only is a motion for a more definite statement disfavored, *see U.S. E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012); *C.B. v. Sonora School Dist.*, 691 F.Supp.2d 1170, 1191 (E.D. Cal. 2010), it does not appear that a motion for more definite statement may be directed toward another motion. Fed. R. Civ. P. 12(e). Moreover, a pleading that is the subject of the motion must be unintelligible and not just lacking in some detail. *See Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *Gregory Village Partners, L.P. v. Chevron, USA, Inc.*, 805 F.Supp.2d 888, 896 (N.D. Cal. 2011) ("A motion for more definite statement attacks intelligibility, not simply lack of detail."). "Where the [pleading] is specific enough to

---

[1] ECF Nos. 149 and 150 are identical documents, and they will be referred to collectively as ECF No. 149.

[apprise] the responding party of the substance of the claim [or defense] being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *See U.S. E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d at 1250 (citation omitted).

Plaintiff complains that defendants' motion is a combined motion and responsive brief, which is not allowable without leave of court. Defendants are correct that (1) plaintiff's motion is procedurally improper, (2) plaintiff's claim that defendants' motion is so vague or ambiguous is unsupported, and (3) there is no prohibition to combine a motion with an opposition.

Accordingly, plaintiff's motion for a more definite statement or to strike (ECF No. 173) is DENIED.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

BY: \_\_\_\_\_/s/_____
                Deputy Clerk