UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN JOHN OLAUSEN,<br><br>                          Plaintiff,<br>     v.<br>SGT. MURGUIA, *et al.*,<br><br>                         Defendants. | Case No. 3:13-cv-00388-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 179) relating to Plaintiff John S. Olausen's motion for partial summary judgment (ECF No 165), Defendants' cross-motion for summary judgment (ECF No. 149), and Plaintiff's Motion to Dismiss Defendant's Cross-Motion for Summary Judgement (ECF No. 174.) The Magistrate Judge recommends denying Plaintiff's motions and granting Defendants' motion. (ECF No. 179.) Plaintiff was given until November 19, 2016, to file an objection. (*Id.*) Plaintiff inappropriately filed an emergency motion to stay the proceedings (ECF No. 180) until he was able to file his objections to the R&R. The Court construes Plaintiff' motion as a request for extension and will consider his late filed objections. (ECF No. 181.) The Court also grants Defendants' motion requesting that the Court extend their time to respond to Olausen's objections (ECF No. 183). Plaintiff filed a reply in support of his objections. (ECF No. 185.) However, LR IB 3-2 provides that replies may only be filed with leave of court. Plaintiff did not obtain leave of court to file his reply, and the Court finds that a reply is

unnecessary in light of the extensive briefings before the Court. The Court orders that Plaintiff's reply (ECF No. 185) be stricken.

After careful review of the records in this case, the Court adopts the R&R in full.

## II.     BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") currently incarcerated at the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. The Court permitted Plaintiff to file a Second Amended Complaint ("SAC") (ECF No. 113) and ultimately permitted him to bring two claims pursuant to 42 U.S.C. § 1983: (1) a First and Fourth amendment claim against Defendants Eugene Murguia and Brian Wagner arising from the confiscation and withholding of Plaintiff's television; and (2) a First and Fourteenth amendment claim arising from an incident that occurred during a visitation with his wife. (ECF No. 107; ECF No. 132.) The factual allegations are set out in the R&R, which the Court adopts. (*See* ECF No. 179 at 2.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to the magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id*. In light of Plaintiff's objections, the Court has engaged in a de novo review to determine whether to adopt Magistrate Judge Cobb's recommendations. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections

were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed.)

## IV.   DISCUSSION

### A.   Confiscation and Withholding of Television

#### 1.   Fourteenth Amendment Claim

In the SAC, Plaintiff alleges that in November of 2012 his television was confiscated from another inmate's cell and that when he requested that Wagner return his television, Wagner refused. Wagner's stated basis for refusing was that the television was not functional and, therefore, considered to be contraband under Administrative Regulation ("AR") 711.

In Plaintiff's objection to the R&R, he claims that despite the award of his television through the prison's internal grievance process, he has no means to enforce this decision. (ECF No. 181 at 2.) However, if the television was non-functioning at the time Plaintiff won his grievance and sought to have the television returned to him, Defendant Wagner was simply following prison policy; a non-functional television is considered to be "contraband" and therefore cannot be returned to the inmate. While Olausen is correct that the resolution of his grievance explicitly required that the television be returned to him or replaced if NDOC officials had disposed of it, at the time that the grievance was decided, the functionality of the television was not known. (*See* ECF No. 31-5 at 3.) In light of the prison policy prohibiting the possession of contraband, Olausen could have filed an additional grievance to contest Wagner's determination that

///
///

3

his television was non-functioning when confiscated[1] from the other inmate's cell or at the time Olausen sought to have it returned.[2] (*See* ECF No. 179 at 6-7.) Thus, procedural protections existed by which Plaintiff could have asserted his due process rights.

The use of NDOC's grievance process is all the process that is required to satisfy Olausen's Fourteenth Amendment rights. (*See* ECF No. 179 at 7 (citing *Nevada Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011)).) The Court agrees with the R&R that utilization of AR 740's grievance procedures provides "critical procedural protections to inmates well in advance of the final confiscation or destruction of personal items," and thus "due process requires nothing more." (ECF No. 179 at 7-8.)

In addition, Olausen filed a grievance against Defendant Murguia, stating that Murguia had "forfeited" Olausen's television. (ECF No. 149-6.) Olausen filed this grievance on April 1, 2013, and it was upheld on April 11, 2013. (*Id.*) The Court agrees with the Magistrate Judge's reasoning that NDOC's grievance procedures provide critical protections to allow inmates to grieve confiscation of their personal property. (*See* ECF No. 179 at 7-8.)

### 2. First Amendment Claim

In the SAC, Plaintiff alleges that Wagner and Murguia damaged and withheld his television in retaliation for filing grievances.[3] (ECF No. 113 at 5.) The Magistrate Judge found that Plaintiff failed to allege sufficient facts to support a retaliation claim against Wagner and Murguia. (ECF No. 179 at 9.) In his objections, Plaintiff states that

///

---

[1] Importantly, Wagner did not confiscate the television. It appears that Wagner did not have actual physical contact with the television until almost six months after it had been confiscated. (*See* ECF No. 31-3 at 3.)

[2] AR 711.02 provides that NDOC will consider compensating inmates for property that is directly damaged by a prison official. The inmate must file a grievance and demonstrate that the prison official was negligent or otherwise failed to observe departmental regulations. NDOC's Operating Procedure ("OP") 700.09.

[3] Olausen also seems to allege that he was retaliated against for his Disciplinary Infraction. (ECF No. 113 at 9.)

affidavits[4] he submitted establish a dispute of material fact as to the retaliation claim. (ECF No. 181 at 4.)

A retaliation claim has five elements: (1) a state actor took an adverse action against the inmate (2) because of (3) the inmate's protected First Amendment conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights while (5) not reasonably advancing a legitimate correction goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).

The Court agrees with the Magistrate Judge's finding that Olausen failed to show how any retaliatory action by Murguia and Wagner chilled his First Amendment rights. In fact, Plaintiff subsequently brought this lawsuit to maintain his First Amendment rights, demonstrating that these rights have not been chilled. Moreover, Plaintiff provides no evidence that Murguia and Wagner were doing anything other than following prison regulations when confiscating and withholding Olausen's television.

### B.    Termination of Olausen's Visitation Privileges

Plaintiff alleges that his due process rights were violated when Defendant Isidro Baca suspended visitation privileges with his wife. (ECF No. 114 at 14.) As a result of the visitation incident where Olausen supposedly gave a note to his wife — which she was to leave the prison with — his visitation privileges were suspended for sixty days. (*See* ECF No. 149-9 at 3.) Defendant Baca, however, felt that Olausen's discipline should be extended to ninety days because of his history of possessing contraband. (ECF No. 149-15 at 2-3.)

As the Magistrate Judge noted, inmates do not have a constitutional right to visitation. *See Kentucky Dep't of Corrs. V. Thompson*, 490 U.S. 454, 460-61. However, in the Court's second Screening Order, the Court held that Olausen may have a "state-created liberty interest in such visitation, *see Kentucky Dep't of Corrs.*, 490 U.S. at 460,

---

[4]The affidavits that Olausen cites to do not exist; rather, he appears to be relying on his motion for partial summary judgment (ECF No. 165) and his reply in support of his motion to dismiss (ECF No. 177).

subject to restrictions that serve legitimate penological interests, *see Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)." (ECF No. 108 at 6.) If a legally protected interest exists under state law or regulation, then the Court must determine what process is required. *Brown v. Ore Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014).

NDOC regulations state that the "Warden has the authority to restrict or suspend an inmate's regular visiting privileges temporarily when there is reasonable suspicion that the inmate has acted in a way that would indicate a threat to the good order or security of the institution." AR 719. Plaintiff presents no evidence that his visitation privileges were revoked for anything other than possessing contraband, or that Defendant Baca acted beyond his authority under AR 719. Moreover, the Court fails to see how the correctional officer who charged Olausen with giving contraband to his wife knew prior to confiscation that it contained information related to a Prison Rape Elimination Act ("PREA") violation.

### C.     Termination of Olausen's Law Library Position

Plaintiff alleges that he was removed from his position in the law library for attempting to report a PREA violation. (ECF No. 165 at 12, 26-27.) Inmates do not have a Fourteenth Amendment property or liberty interest in prison employment. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Furthermore, NDOC's OP 525 states that law library workers must be free of general disciplinary convictions for sixty days to qualify to work there. (ECF No. 149-16 at 3.)

### D.     Disciplinary Hearing

Olausen also alleges that NDOC officials retaliated against him for attempting to report a PREA violation. Regardless of whether the rules of visitation are consistently applied across all inmates — a point raised by Olausen in his objection to the R&R (*see* ECF No. 181 at 13) — the prison regulations explicitly prohibit prisoners and their visitors from unauthorized contact whereby contraband is taken from the prison by the visitor. AR 719.1. Plaintiff fails to provide any facts that demonstrate that the reason his punishment was increased and his appeal denied was because he attempted to report a

PREA violation. As noted in the previous section, there is no evidence that the officer who confiscated the materials from Olausen's wife knew of the contents or purpose of the materials prior to confiscation. By contrast, NDOC officials provided sufficient documentation demonstrating that Olausen was disciplined solely for his failure to abide by prison rules regarding visitation.

For these reasons, the Court agrees and adopts the Magistrate Judge's recommendation that summary judgment be granted in Defendants' favor.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 179) is accepted and adopted in full. Plaintiff's motion for partial summary judgment (ECF No. 165) and motion to dismiss Defendants' cross-motion (ECF No. 174) are denied. Defendants' cross-motion for summary judgment (ECF No. 149) is granted.

It is ordered that Plaintiff's emergency motion to stay (ECF No. 180) is construed as a motion for extension and, as such, is granted *nunc pro tunc*.

It is ordered that Defendants' motion for extension of time to file a response to Plaintiff's objections (ECF No. 183) is granted *nunc pro tunc*.

It is further ordered that Plaintiff's reply to Defendants' response to his objections (ECF No. 185) is stricken.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 8th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE